LETTS, Judge.
We per curiam affirm Case No. 4-86-0904.
The defendant in Case No. 4-86-0929 resisted a police officer with violence, and displayed a firearm in the process. We hold it was error not to reclassify the felony from a third degree felony to a second degree felony.
In the case at bar, the defendant pointed a pistol in the general direction of a police officer and ordered the officer, who had come to arrest him, off his property. He was charged, among other things, with resisting a police officer with violence under section 843.01, Florida Statutes (1985), which crime is classified as a third degree felony. However, under section 775.087(1), Florida Statutes (1985), any such third degree felony “shall be reclassified ... to a felony of the second degree” when the defendant displays a firearm (unless the use of the firearm is an essential element of the felony, which it was not sub judice).
Accordingly, it was error not to reclassify the felony.
The State also contends that the defendant should have been given the mandatory minimum sentence of three years under section 775.087(2), Florida Statutes (1985). However, that section calls for such a sentence for specifically enumerated crimes. The defendant here was convicted of resisting an officer with violence which is not one of those enumerated. As a consequence, the trial court did not err by failing to mete out such a sentence. See White v. State, 499 So.2d 23 (Fla. 1st DCA 1986).
REVERSED AND REMANDED.
ANSTEAD and GLICKSTEIN, JJ., concur.